UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-2654 FMO (AS) | Date | February 23, 2016 |
|---|---|---|---|
| Title | Ernesto Alvarado v. Bridgette Recksiek, et al., | | |

| Present: The Honorable | Alka Sagar, United States Magistrate Judge | |
|---|---|---|
| Alma Felix | | N/A |
| Deputy Clerk | | Court Reporter / Recorder |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| N/A | | N/A |

**Proceedings:**   (IN CHAMBERS) ORDER TO SHOW CAUSE

On January 6, 2014, in Riverside County Superior Court case no RIF1304600 ("Alvarado I"), a jury convicted Plaintiff of one count of assault with a semiautomatic firearm (count 1); one count of simple assault (count 2);[1] two counts of being a felon in possession of a firearm (counts 3-4); and one count of being a felon in possession of ammunition (count 5). People v. Alvarado, 2014 WL 7250163, *1 (2014) (Unpublished Disposition), cert. denied, 136 S. Ct. 235 (2015). The following day, Plaintiff was sentenced to eight years and four months in state prison. Id.

On December 30, 2015, Plaintiff filed a Complaint pursuant to 42 U.S.C. § 1983 against four individuals involved in Alvarado I: the arresting officers, Riverside County Deputy Sheriffs Bridgette Recksiek and James Updike; the prosecutor, Riverside County Deputy District Attorney Nicole Fyan, and the victim, Bernie Partida.[2] (Complaint at 1-2); see also Alvarado, 2014 WL 7250163 at *1-2 (discussing facts underlying Plaintiff's offenses in Alvarado I). Plaintiff has sued Recksiek, Updike and Fyan in their official capacities, and has sued Partida as an individual. (Complaint at 5-6). In his Complaint, Plaintiff alleges that Defendants have violated his constitutional rights by, inter alia: falsifying crimes; illegally searching and seizing Plaintiff; planting evidence; destroying exculpatory evidence; committing perjury; tampering with witnesses; and conspiring to secure Plaintiff's arrest and conviction. (See Complaint at 6-

---

[1] Plaintiff was charged in count 2 with assault with a semiautomatic firearm, but convicted of the lesser included offense of simple assault. People v. Alvarado, 2014 WL 7250163, *1 (2014) (Unpublished Disposition), cert. denied, 136 S. Ct. 235 (2015).

[2] In his Complaint, Plaintiff states he is serving an eight-year-and-four-month prison sentence, but does not specify why. (Complaint at 5). Instead, he states that on January 6, 2014, "the jury found Plaintiff not guilty of count 2, assault with a semiautomatic firearm. . . ." (Id. at 7 & Exh. A). However, Petitioner rather disingenuously neglects to mention he was in fact convicted of all five charges against him, albeit the lesser included offense of simple assault on count 2. Alvarado, 2014 WL 7250163 at *1.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-2654 FMO (AS) | Date | February 23, 2016 |
|---|---|---|---|
| Title | Ernesto Alvarado v. Bridgette Recksiek, et al., | | |

30).

In Heck v. Humphrey, 512 U.S. 477 (1994), the Supreme Court addressed the question of "whether a state prisoner may challenge the constitutionality of his conviction in a suit for damages under 42 U.S.C. § 1983[,]" id. at 478, and held that:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. . . . A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486-87 (footnote omitted; italics in original). Since Plaintiff is presently incarcerated due to his conviction in Alvarado I, (see Complaint at 1, 5); Alvarado, 2014 WL 7250163 at *1, and given the nature of Plaintiff's allegations against Defendants, it appears that Plaintiff's Complaint is not cognizable under Heck. Heck, 512 U.S. at 486-87.

Moreover, it appears that Deputy District Attorney Fyan is entitled to absolute immunity for Plaintiff's allegations against her. See Imbler v. Pachtman; 424 U.S. 409, 430 (1976) (Prosecutors are absolutely immune from civil damages for activities "intimately associated with the judicial phase of the criminal process."); Lacey v. Maricopa County, 693 F.3d 896, 912 (9th Cir. 2012) (en banc) ("Prosecutors performing their official prosecutorial functions are entitled to absolute immunity against constitutional torts.").

Accordingly, Plaintiff is ORDERED TO SHOW CAUSE within twenty-one (21) days of the date of this Order why this action should not be dismissed. Specifically, Plaintiff is advised to explain to the Court (1) why his claims are not Heck barred; and (2) why Deputy District Attorney Fyan is not entitled to absolute immunity.

**Plaintiff is admonished that his failure to satisfactorily respond to this Order will result in a recommendation that this action be dismissed with prejudice for failure to comply with the Court's Orders. See Fed. R. Civ. P. 41(b).**

**Instead of filing a response, if Plaintiff no longer wishes to pursue this action, he may**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV 15-2654 FMO (AS) | Date | February 23, 2016 |
|---|---|---|---|
| Title | Ernesto Alvarado v. Bridgette Recksiek, et al., | | |

**voluntarily dismiss it by filing a notice of dismissal in accordance with Federal Rule of Civil Procedure 41(a)(1). A sample notice is attached to this Order.**

The Clerk of the Court is directed to serve a copy of this Order upon Plaintiff at his address of record.

IT IS SO ORDERED.

|  | 0 : 00 |
|---|---|
| Initials of Preparer | AF |